**UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

RECEIVED

2007 FEB 14  A 9: 16

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

|  |  |  |
|---|---|---|
| EMERALD COAST FINEST PRODUCE COMPANY, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | CASE NO: 1:07cv133-mht |
| DANNY FREEMAN dba DANNY'S PRODUCE, | ) ) ) | |
| Defendant. | ) | |

## COMPLAINT

Emerald Coast Finest Produce Company, Inc. ("Plaintiff" or "Emerald"), for its Complaint

against Defendant Danny Freeman, alleges as follows:

### JURISDICTION AND VENUE

1.      Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural

Commodities Act ("PACA"), 7 U.S.C. §499e(c)(5) and 28 U.S.C. §1331.

2.      Venue in this District is based on 28 U.S.C. §1391 in that  Defendant does business

in this District, resides in this district and/or received the unpaid commodities at his place of

business in this District.

### PARTIES

3.      Plaintiff Emerald is a Florida corporation engaged in the business of buying and

selling wholesale quantities of perishable agricultural commodities (hereinafter "product") in

interstate commerce.  At all times pertinent herein, Plaintiff was licensed as a dealer under the

provisions of PACA.

1

4.     Upon information and belief, Defendant Danny Freeman resides in Geneva County, Alabama, and was at all times pertinent herein, doing business under the trade name "Danny's Produce," which is an unincorporated, sole proprietorship. If said business is incorporated, Danny Freeman was the corporate officer and director of Defendant Danny's Produce and person responsible for insuring compliance with the trust provisions of PACA and disbursing funds.

5.     Upon information and belief, Defendant Danny Freeman is a "dealer" as defined under PACA and person responsible for insuring compliance with the trust provisions of PACA applicable to dealers of produce and disbursing funds.

## GENERAL ALLEGATIONS

6.     This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5 of the PACA, 7 U.S.C. §499e(c).

7.     Between June 7, 2006, and August 17, 2006, Plaintiff sold and delivered to Defendant, in interstate commerce, $39,029.41, worth of wholesale quantities of produce, for which it has not been paid.

8.     Defendant inspected and accepted the commodities tendered and has since disposed of the produce by resale or other means.

9.     At the time of receipt of the produce, pursuant to the provisions of PACA, Plaintiff became a beneficiary in a statutory trust designed to assure payment to produce suppliers. The trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured by such fund, in the possession or control of Defendant, since the creation of the trust.

2

10.     Plaintiff preserved its interest in the PACA trust in the amount of $39,029.41 and remains a beneficiary until full payment is made for the produce. The invoices sent by Plaintiff to Defendant contain the language required by 7 U.S.C. §499e(c)(4), and a sample of one said invoice is attached hereto as Exhibit A.

13.     Defendant's failure and inability to pay show that Defendant is failing to maintain sufficient assets in the statutory trust to pay Plaintiff and is unlawfully dissipating trust assets.

### Count 1
### (Failure to Maintain Trust Under PACA & Pay Trust Funds)

14.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 13 above as if fully set forth herein.

15.     Pursuant to the trust provisions of PACA, 7 U.S.C. §499(e)(2), and the regulations promulgated thereunder, upon receipt of Plaintiff's commodities, a statutory trust arose in favor of Plaintiff as to all commodities received by Defendant, all inventories of food or other product delivered from said commodities, and to proceeds from the sale of such commodities until full payment is made to Plaintiff.

16.     The failure of Defendant to make payment to Plaintiff of trust funds in the amount of $39,029.41 from the statutory trust is a violation of the PACA and PACA regulations, and is unlawful.

17.     As a result of the aforesaid violations, Plaintiff has suffered damages in the amount of $39,029.41, plus interest, and reasonable attorney's fees in accordance with the terms set forth on Plaintiff's invoicing.

3

WHEREFORE, Plaintiff requests an order enforcing payment from the trust by requiring immediate payment of $39,029.41 by Defendant Danny Freeman to Plaintiff, plus interest at the contract rate and reasonable attorney's fees.

### Count 2
### (Breach of Fiduciary Duty)

18.    Plaintiff repeats each of the foregoing paragraphs as if fully set forth herein, and further states:

19.    Defendant Danny Freeman has failed and refused to pay Plaintiff amounts from the trust owed to Plaintiff for the perishable agricultural commodities received from Plaintiff.

20.    The failure of said Defendant to make said payment to Plaintiff from the statutory trust funds is a violation of the PACA and the PACA regulations and is a breach of Defendant's fiduciary duty as trustee.

21.    By virtue of the foregoing, Plaintiff has suffered damages in the principal amount of $39,029.41, plus interest, together with Plaintiff's reasonable costs and attorneys fees in accordance with the terms set forth on Plaintiff's invoices.

WHEREFORE, Plaintiff requests damages from Defendant Danny Freeman for breach of his fiduciary duties in the principal amount of $39,029.41, plus interest at the contract rate and reasonable attorney's fees.

### Count 3
### (Interest and Attorney's Fees)

22.    Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 21 above as if fully set forth herein.

23.    As a result of Defendant's failure to make full payment promptly of $39,029.41, Plaintiff has lost the use of said money.

4

24.    As a further result of Defendant's failure to make full payment promptly of $39,029.41, Plaintiff has been required to pay attorney's fees and costs in order to bring this action to require Defendant to comply with his statutory duties.

WHEREFORE, Plaintiff requests judgment against Defendant Danny Freeman for prejudgment interest, costs and attorney's fees as permitted by the terms of the parties' agreements.

### Count 4
### (Failure to Pay for Goods Sold)

25.    Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 24 above as if fully set forth herein.

26.    Defendant failed and/or refused to pay Plaintiff $39,029.41 owed to Plaintiff for produce sold and delivered to Defendant, at the request of said Defendant.

WHEREFORE, Plaintiff requests damages from Defendant Danny Freeman for failing to pay for goods sold and delivered in the principal amount of $39,029.41, plus accrued interest at the contract rate and reasonable attorney's fees.

### Count 5
### (Open Account)

27.    Plaintiff adopts and realleges the above paragraphs as if fully set forth herein.

28.    Plaintiff claims of the Defendant the principal sum of $39,029.41, due from the said Defendant by open account, which sum of money, with interest thereon at the contract rate of 18% per annum, is due and unpaid.

29.    A reasonable attorney's fee is demanded per the agreement of the parties.

WHEREFORE, Plaintiff demands judgment against the Defendant Danny Freeman, in the amount of $39,029.41, plus interest at the contract rate, a reasonable attorney's fee and costs.

Dated this 12th day of February, 2007.

GILBERT L. FONTENOT
MAPLES & FONTENOT, L.L.P.
Post Office Box 1281
Mobile, Alabama 36633
(251) 432-2629

# EMERALD COAST FINEST PRODUCE CO.
## NEW ACCOUNT APPLICATION

DISTRICT # _____ SALES ROUTE # _____

CORPORATE NAME _Danny's Produce_

NAME _____

DBA/TRADE NAME _____

ADDRESS _____

ADDRESS _Po Box 104_

CITY, STATE, ZIP _____

CITY, STATE, ZIP _Malvern AL 36349_ COUNTY _Geneva_

PHONE NO. (AREA CODE) _____

| TYPE OF BUSINESS | OFFICER'S/ PARTNERS NAMES & RESIDENCE ADDRESS | SOCIAL SECURITY # |
|---|---|---|
| CORPORATION ☐ | | |
| PROPRIETORSHIP ☒ | | |
| PARTNERSHIP ☐ | | |

LENGTH OF TIME IN THIS BUSINESS _7 Years_

NAME OTHER BUSINESSES OWNED _____

PREVIOUS EMPLOYMENT IF LESS THAN 2 YEARS IN BUSINESS _____

HAVE YOU PURCHASED FORM THOMPSON'S PREVIOUSLY? Y ☒ N ☐ IF YES UNDER WHAT NAME? _Danny's Produce_

IS PROPERTY OWNED OR LEASED? _Leased_
NAME AND ADDRESS OF MORTGAGE HOLDER OR LESSOR _STATE OF ALA_

ANTICIPATED MONTHLY PURCHASES FROM ECFP _____

### BANKING REFERENCE

BANK NAME _____ ACCOUNT # _____
ADDRESS _____ CITY,STATE,ZIP _____

TELEPHONE # _____ BANK OFFICER TO CONTACT _____ TYPE OF ACCOUNT _____

### TRADE REFERENCES (PREFERABLY OTHER FOOD DISTRIBUTORS)

NAME _General Produce_
ADDRESS _____
CITY / STATE / ZIP _Elland Fl_
PHONE # ( ) _____
TERMS OF SALE _____

NAME _____
ADDRESS _____
CITY / STATE / ZIP _____
PHONE # ( ) _____
TERMS OF SALE _____

NAME _____
ADDRESS _____
CITY / STATE / ZIP _____
PHONE # ( ) _____
TERMS OF SALE _____

NAME _____
ADDRESS _____
CITY / STATE / ZIP _____
PHONE # ( ) _____
TERMS OF SALE _____

WE HEREBY MAKE APPLICATION FOR CREDIT TO Emerald Coast Finest Produce Co. IF CREDIT IS GRANTED, WE AGREE TO PAY ALL BILLS WITHIN THE STATED TERMS OF SALE. FOR ANY CHECKS RETURNED FROM OUR BANK FOR ANY REASON, WE AGREE TO PAY, IN ADDITION TO THE AMOUNT OF THE CHECK, A RETURNED CHECK SERVICE CHARGE OF $25.00 IF THE FACE VALUE DOES NOT EXCEED $50; $30.00 IF THE FACE VALUE EXCEEDS $50 BUT DOES NOT EXCEED $300.00; $40.00 IF THE FACE VALUE EXCEEDS $300.00, OR 5 PERCENT OF THE FACE AMOUNT OF THE CHECK, WHICHEVER IS GREATER. ADDITIONALLY, WE UNDERSTAND THAT A SERVICE CHARGE MAY BE ASSESSED ON ANY UNPAID BALANCE IN AN AMOUNT UP TO THE MAXIMUM RATE ALLOWED BY LAW. SHOULD LEGAL ACTION BE TAKEN TO SECURE PAYMENT FOR MERCHANDISE RECEIVED, WE WILL BE LIABLE FOR ALL EXPENSES INCLUDING REASONABLE ATTORNEY'S FEES, INCURRED BY Emerald Coast Finest Produce Co. WE AGREE NOT TO TRANSFER OR ASSIGN THIS AGREEMENT WITHOUT THE PRIOR WRITTEN CONSENT OF Emerald Coast Finest Produce Co. WE AGREE TO GIVE WRITTEN NOTICE TO Emerald Coast Finest Produce Co. PRIOR TO THE SALE OR TRANSFER OF ALL OR SUBSTANTIALLY ALL OF THE STOCK OR ASSETS OF OUR BUSINESS. IF WE FAIL TO DO SO THEN WE SHALL REMAIN FULLY LIABLE FOR ANY UNPAID MERCHANDISE RECEIVED BY THE BUYER OR TRANSFEREE OF THE BUSINESS. IT IS EXPRESSLY AGREED THAT THIS CONTRACT WAS ENTERED INTO IN ESCAMBIA COUNTY, FLORIDA, AND THAT ANY LEGAL ACTIONS RELATED TO THIS CONTRACT SHALL BE BROUGHT ONLY IN THE STATE OR FEDERAL COURTS IN ESCAMBIA COUNTY, FLORIDA.
THIS INFORMATION IS GIVEN IN CONFIDENCE FOR THE SOLE PURPOSE OF ESTABLISHING CREDIT WITH Emerald Coast Finest Produce Co. AUTHORIZATION IS HEREBY GIVEN TO MAKE INQUIRY OF ALL TRADE AND FINANCIAL SOURCES WHICH ARE DEEMED TO BE NECESSARY OR DESIRABLE BY Emerald Coast Finest Produce Co. TO PROPERLY EVALUATE THIS APPLICATION.

BY _Danny's Produce_ DATE _5-12-06_
CORPORATE OFFICER / PARTNER / OWNER

### General

Parent Co. / National Account Affiliation: _____

Corporate Owned: _____ Franchise _____

Credit Payment Office: _____
Address _____
City, State, Zip _____
Phone: _____

SEE REVERSE FOR PERSONAL GUARANTY

## PERSONAL GUARANTY

For valuable consideration, the undersigned hereby personally guarantees, absolutely, unconditionally and irrevocably, the payment upon demand of all liabilities, indebtedness and obligations, whether now existing or hereafter of _____ (the "Debtor"), its successors and assigns, to **Emerald Coast Finest Produce Co. (ECFP)** , and its successors and assigns (the indebtedness).

This guaranty shall be enforceable by ECFP without prior resort to any demands, possessory remedies or proceedings for collection of any nature, against the Debtor or any other person or entity, or any property of the Debtor or any other person or entity. The liability of the undersigned shall not be affected by any extension, compromise, modification, release or discharge of any indebtedness, whether by operation of law or otherwise, or by any change in the form of indebtedness, or by any modification of the terms of sale made by the parties thereto, or by the release, substitution or addition of any other guarantor of the indebtedness. Notice of the acceptance of this Guaranty, notices of demand, production or delivery of material, protest, nonpayment, nonperformance and notice of the amount of the indebtedness outstanding at any time are expressly waived. Nothing in this Guaranty shall in any way diminish or alter the indebtedness, or affect the rights of ECFP against Debtor.

The undersigned also agrees that if any case is filed under the bankruptcy code by or against Debtor, the undersigned waives any claim he/she may have against Debtor as a result of any claim against the undersigned by ECFP under this guaranty.

ECFP shall be entitled to recover from the undersigned all costs incurred in connection with the enforcement of this Guaranty, including but not limited to reasonable attorneys' fees.

Wherever possible, each provision of the Guaranty shall be interpreted in such a manner as to be effective and valid under applicable law. If any provision hereof shall be prohibited by or be invalid under such law, such provision shall be ineffective to the extent of such prohibition of invalidity, without invalidating the remainder of such provision hereof.

It is expressly agreed that this Contract was entered into in Escambia County, Florida, and that any legal actions related to this contract shall be brought only in the State or Federal courts in Escambia County, Florida.

Guarantor(s) agree(s) to pay all costs incurred in this Guaranty, including a reasonable attorney's fee. Guarantor(s) agree(s) that a reasonable attorney's fee is 25% of the unpaid balance, including interest, if paid before suit is filed; 33% of the unpaid balance, including interest, if paid before suit is filed; 40% of the unpaid balance, including interest, if attorneys fees are court awarded.

In the event this Guaranty is signed by more than one person or entity, each of the undersigned shall be jointly and severally liable under this Guaranty.

In the event this Guaranty is signed by more than one person or entity, each of the undersigned shall be jointly and severally liable under this Guaranty.

Dated this _5-12-06_ _____ day of _____ ,20 _06_

Signature of Guarantor(s) _Danny Freeman_
(Please do not reference Corporate or some other titles)

Print Name: _DANNY Freeman_

Signature of Co-owner, where applicable* _____

Witness: _____

*Co-owner is the primary co-owner of Guarantor's personal assets, if any.

_5-16-06_

_Danny's Produce_
_706 E. Law Rency Hwy_
_Slocumb, AL 36375_

# Emerald Coast Finest Produce

## Thursday -- 01/11/07

## Statement

## Customer Number: 2604

Send To:

DANNY'S PRODUCE
c/o DANNY'S PRODUCE ACCOUNTING
P.O. BOX 104
MALVERN, AL  36349

Remit To:

Emerald Coast Finest Produce
257 Amber Street
Pensacola, FL 32503

850-438-6993
Terms: COD

Location: 706 E. LAWRENCE HWY, SLOCUMB, AL 36375
Phone No: 334-886-3440,

| Tkt. No. | DATE | INVOICE | AMOUNT | POSTED | INTEREST | BALANCE | TTL. DUE |
|----------|------|---------|--------|--------|----------|---------|----------|
| CURTIS | 06/07/06 | 160614 | 844.55 | | 79.75 | 377.98 | 377.98 |
| | 12/14/06 | | | 546.32 | | | |
| CURTIS | 06/24/06 | *166557 | 2249.95 | | 202.50 | 2452.45 | 2830.43 |
| CURTIS | 06/29/06 | *168252 | 743.40 | | 66.90 | 810.30 | 3640.73 |
| DONOVAN | 07/05/06 | 169876 | 673.00 | | 60.60 | 733.60 | 4374.33 |
| CURTIS | 07/08/06 | *171163 | 2053.00 | | 184.80 | 2237.80 | 6612.13 |
| CURTIS | 07/15/06 | *173484 | 1230.25 | | 92.25 | 1322.50 | 7934.63 |
| DONOVAN | 07/22/06 | *176068 | 1043.90 | | 78.30 | 1122.20 | 9056.83 |
| CURTIS | 07/26/06 | *177328 | 684.70 | | 51.35 | 736.05 | 9792.88 |
| DONOVAN | 07/29/06 | *178375 | 1502.50 | | 112.70 | 1615.20 | 11408.08 |
| CURTIS | 08/03/06 | 180048 | 647.35 | | 48.55 | 695.90 | 12103.98 |
| MP | 08/04/06 | 180418 | 617.30 | | 46.30 | 663.60 | 12767.58 |
| CURTIS | 08/05/06 | 180826 | 2399.25 | | 179.95 | 2579.20 | 15346.78 |
| MP | 08/07/06 | *181275 | 4330.80 | | 324.80 | 4655.60 | 20002.38 |
| DONOVAN | 08/08/06 | 181593 | 3385.20 | | 253.90 | 3639.10 | 23641.48 |
| CURTIS | 08/09/06 | *182021 | 2385.72 | | 178.95 | 2564.67 | 26206.15 |
| DONOVAN | 08/10/06 | 182418 | 720.70 | | 54.05 | 774.75 | 26980.90 |
| DONOVN | 08/12/06 | 183108 | 4180.25 | | 313.50 | 4493.75 | 31474.65 |
| DONOVAN | 08/14/06 | *183501 | 4432.58 | | 265.96 | 4698.54 | 36173.19 |
| CURTIS | 08/15/06 | 183838 | 1742.93 | | 104.56 | 1847.49 | 38020.68 |
| CURTIS | 08/16/06 | 184231 | 1770.90 | | 106.24 | 1877.14 | 39897.82 |
| DONOVAN | 08/17/06 | 184578 | 1937.50 | | 116.24 | 2053.74 | 41951.56 |

* corrected invoice                Total Amount Due: 41951.56

Thank you for your payment of  642.90  on 12/14/06

| AGED BALANCE DUE: | WEEK #1 | WEEK #2 | WEEK #3 | WEEK #4 | WEEK #5 | WEEK #6 | WEEK #7 | WEEK #8 | WEEKS 9+ |
|-------------------|---------|---------|---------|---------|---------|---------|---------|---------|----------|
| | 01/05-11 | 12/29-04 | 12/22-28 | 12/15-21 | 12/08-14 | 12/01-07 | 11/24-30 | 11/17-23 | ? - 11/16 |
| | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 41951.56 |




# EMERALD COAST
# FINEST PRODUCE CO.

**Phone** 850-438-6993
**Fax** 850-438-4129
**Toll Free** 800-777-6993

257 Amber Street
Pensacola, FL 32503-2208

160614

Page: 1

**SOLD TO:**

DANNY'S PRODUCE
706 E. LAWRENCE HWY

SLOCUMB, AL 36375

**SHIPPED TO:**

334-886-3440

Ordered by Danny

| CUSTOMER REF. NO. | SALESMAN | TRUCK NO. | ORDER DATE | DELIVERY DATE | TERMS | INVOICE NO. |
|---|---|---|---|---|---|---|
| 2604 | EC | 15-- 1 | 06/07/06 | | Net 14 days | 160614 |

| LINE | ITEM NUMBER | QUANTITY ORDERED | QUANTITY DELIVERED | UOM | ✓ | DESCRIPTION | BILLING UNITS | UNIT PRICE($) | EXTENSION AMOUNT($) |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 13730 | | 3 | CS | | BANANA CHIQUITA GREEN #3 COLOR | | 15.55 | 46.65 |
| 2 | 1090 | | 2 | CS | | CABBAGE GREEN CARTON | | 10.30 | 20.60 |
| 3 | 13790 | | 3 | CS | | CANTALOUPE 12/15  CT | | 15.85 | 47.55 |
| 4 | 1250 | | 2 | CS | | COLLARD GREENS FRESH DOZEN | | 18.15 | 36.30 |
| 5 | 13870 | | 3 | CS | | HONEYDEW 6/8 CT | | 12.20 | 36.60 |
| 6 | 12900 | | 3 | CS | | LETTUCE GRN LF CROWNS | | 18.60 | 55.80 |
| 7 | 12860 | | 7 | CS | | LETTUCE CELLO 24 CT | | 17.40 | 121.80 |
| 8 | 11100 | | 8 | CS | | ONION RED MEDIUM 25# BAG | | 8.75 | 70.00 |
| 9 | 9930 | | 8 | CS | | ONION YELLOW JBO 50# | | 9.75 | 78.00 |
| 10 | 14160 | | 2 | CS | | PEACHES | | 17.50 | 35.00 |
| 11 | 1510 | | 3 | CS | | PEPPER GRN CHOICE | | 12.50 | 37.50 |
| 12 | 7960 | | 2 | CS | | POTATO  80 CT | | 15.25 | 30.50 |
| 13 | 22150 | | 2 | CS | | LETTUCE SALAD ROMAINE BLEND 4/ | | 15.45 | 30.90 |
| 14 | 6030 | | 2 | CS | | COLESLAW REGULAR 4/5# | | 12.20 | 24.40 |
| 15 | 22170 | | 6 | CS | | LETTUCE SHRED 4/5# | | 13.10 | 78.60 |
| 16 | 1610 | | 2 | CS | | RADISHES 30/6oz.11# | | 13.15 | 26.30 |
| 17 | 14260 | | 3 | CS | | STRAWBERRY 12/1 PINT CS | | 13.35 | 40.05 |
| 18 | 1980 | | 2 | CS | | TOMATO GRAPE 12/1 PT FLAT | | 14.00 | 28.00 |

lease check your invoice and merchandise.
e cannot be responsible for damages or
ortages unless noted on this invoice.

No credit will be issued after 36 hours upon receipt of produce

**CUSTOMER'S SIGNATURE**
All merchandise received and in satisfactory condition.
Signature on this invoice shall be deemed acceptance of all terms and
conditions contained on both sides of this invoice.

**NUMBER OF PCS.** 63

**INVOICE TOTAL ($)**

Tax ($)

844.55

0.00

844.55

e perishable commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. e(c)).  The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receiv-es or proceeds form the sale of these commodities until full payment is received.  Signature on this invoice indicates acceptance of terms and conditions