UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EMERALD COAST FINEST ) <br> PRODUCE COMPANY, INC., ) <br> ) <br>    Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> DANNY FREEMAN dba DANNY'S PRODUCE, ) <br> ) <br>    Defendant. ) | CASE NO: 1:07cv133-MHT |

## MOTION FOR DEFAULT JUDGMENT

COMES NOW Plaintiff, Emerald Coast Finest Produce Co., Inc., ("Plaintiff"), by and through undersigned counsel, and files this Motion for Default Judgment against Defendant Danny Freeman dba Danny's Produce for failing to answer or respond to the Complaint as required by law. In support thereof, Plaintiff would show that the Defendant Danny Freeman was served on February 26, 2007, by Process Server. Plaintiff requests the Clerk of the Court enter a judgment against the Defendant Danny Freeman in the amount of Plaintiff's demand, to-wit: principal of $39,575.73; plus interest on said judgment from June 7, 2006, through March 15, 2007, to-wit, $3,684.35; and an attorney's fee of $14,275.00; for a total judgment of $57,535.08, plus costs of Court.

    Dated: March 27, 2007

                                                    Respectfully submitted,

                                                  /s/ Gilbert L. Fontenot
                                                GILBERT L. FONTENOT
                                                Attorney for Plaintiff
                                                Maples & Fontenot, LLP
                                                P. O. Box 1281
                                                Mobile, AL 36633
                                                (251) 432-2629

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| EMERALD COAST FINEST PRODUCT COMPANY, INC.<br><br>Plaintiff,<br><br>v.<br><br>DANNY FREEMAN, d/b/a DANNY'S PRODUCE,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 1:07-cv133-MHT<br>)<br>)<br>)<br>)<br>)<br>) |

ENTRY OF DEFAULT

It appearing that defendant Danny Freeman, d/b/a Danny's Produce, was duly served with copies of the summons and complaint on February 26, 2007, and said party has failed to answer or otherwise defend this action as set out in the Affidavit and the Request for Entry of Default of plaintiff's attorney filed on March 20, 2007

DEFAULT is hereby entered against said defendant Danny Freeman, d/b/a Danny's Produce.

DONE this ___26th___ day of March, 2007.

                              ___/s/ Debra P. Hackett_____
                              DEBRA P. HACKETT
                              CLERK, UNITED STATES DISTRICT COURT
                              MIDDLE DISTRICT OF ALABAMA

## UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **EMERALD COAST FINEST** ) | |
| **PRODUCE COMPANY, INC.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO: 1:07cv133-MHT |
| ) | |
| **DANNY FREEMAN dba DANNY'S PRODUCE,** ) | |
| ) | |
| Defendant. ) | |

### AFFIDAVIT IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT

**STATE OF ALABAMA** )
**COUNTY OF MOBILE** )

The undersigned attorney, being duly sworn, deposed and says:

1. The undersigned is the attorney of record for the Plaintiff, and has personal knowledge of the facts as set forth in this affidavit hereinbelow.

2. The Defendant Danny Freeman dba Danny's Produce was duly served with a copy of the summons and complaint by private process server on February 26, 2007.

3. More than twenty (20) days have elapsed since the date of service.

4. The Defendant has failed to answer or otherwise defend the complaint or serve a copy of any answer or other defense upon the undersigned attorney.

5. This affidavit is executed in accordance with Rule 55(a) of the FRCP, to enable the Plaintiff to obtain an entry of default for failure to answer or to otherwise defend.

6. The amounts owed are for the unpaid account of Danny Freeman dba Danny's Produce, which account is due and owing for purchases made from June 7, 2006, to August 17, 2006, in the total amount of $39,575.73. An aged account Statement of the balance is attached to the affidavit of Elsie Simoneaux as Exhibit A.

7. Defendant is also personally liable for said amounts under the Perishable Agricultural Commodities Act of 1930, as amended, 7 USC 499a, et. seq., as more fully supported by a Memorandum in support of this default application.

8. Pursuant to the affidavit of Elsie Simoneaux, interest is requested at the contractual rate of 18% on the unpaid principal in the amount of no less than $3,684.35.

9. Pursuant to the account terms, a reasonable attorney's fee of 33% of the total principal and interest is owed in the amount of $14,275.00.

10. The total thus requested is **$57,535.08.**

Dated this 27th day of March, 2007.   Affiant sayeth further not.

/s/ Gilbert L. Fontenot
GILBERT L. FONTENOT
Attorney for Plaintiff
Maples & Fontenot, LLP
P. O. Box 1281
Mobile, AL 36633
(251) 432-2629

SUBSCRIBED AND SWORN to before me this 27th day of March, 2007

/s/ Janet C. Mosley
NOTARY PUBLIC
My Commission Expires: 3/9/09

Entry of default entered against the Defendant Danny Freeman.

Date:_____   _____
                        Judge/Clerk

Default judgment is hereby rendered against the Defendant Danny Freeman in the amount of $_____.

Date:_____   _____
                        Judge/Clerk

## AFFIDAVIT OF ELSIE SIMONEAUX

STATE OF FLORIDA )

COUNTY OF ESCAMBIA )

ELSIE SIMONEAUX, first being duly sworn, deposes and says as follows:

1. My name is Elsie Simoneaux and I am the Credit Collection Manager of Emerald Coast Finest Produce Company, Inc. ("Emerald"), and in that capacity I make this affidavit, being duly authorized for such purpose.

2. I am personally familiar with the files, books, records and account of Danny Freeman dba "Danny's Produce," and I am making this affidavit in support of an application for default against Danny Freeman.

3. The records composing the account of Danny Freeman were prepared and maintained under my supervision and care and are the business records of Emerald. The same have been maintained in my custody since compiled. It is in the regular course of business of Emerald to maintain such records, and these particular records, attached hereto, are authentic and true and correct copies of same.

4. Emerald is a Florida corporation with its principal place of business in Escambia County, Florida, engaged in the buying and selling of wholesale quantities of perishable agricultural commodities in interstate commerce, and is licensed under the "Perishable Agricultural Commodities Act," 7 U.S.C. §§ 499a, et seq., (PACA).

5. On or about May 12, 2006, Danny Freeman completed Plaintiff's credit application and guaranty (Exhibit A) for his produce business. At no time has Defendant revoked or otherwise withdrawn his guaranty to Emerald.

1

6. At the request of Danny Freeman, Emerald sold to him, in interstate commerce, a total of $39,575.73 worth of wholesale quantities of produce, delivering the perishable products to his of business in Geneva County, Alabama. Credit has been given for all payments and just and lawful offsets to which this account is entitled.

7. An Aged Account Receivable Statements evidencing the sales are attached hereto as Exhibit B and incorporated by reference as if fully set out herein.

8. Each invoice listed on the Account Receivable Statement contains the language required under PACA to preserve the PACA trust (a copy of one sample invoice bearing said language is attached to Affidavit as Exhibit C) and were signed by an employee of Defendant upon delivery of the commodities.

9. On the reverse side of each invoice are terms permitting interest on past-due amounts at the rate of 18% per annum and the award of attorney's fees if the account was placed for collection. The terms that appear on each invoice are attached hereto as Exhibit D.

10. Interest is requested on the principal amount at the agreed contract rate of 18% per annum and a reasonable attorney's fee, per the terms of the signed invoices (Exhibit D).

11. Per the Aged Account Receivable Statement (Exhibit B), the accrued interest as of March 15. 2007, is no less than $3,684.35 ($43,260.08 total- $39,575.73 principal).

12. Per the terms of the agreement (Exhibit D), an attorney's fee of 33% of the total accrued interest and principal is requested, to-wit, approximately $14,275.00, as supported by the affidavit of Gilbert L. Fontenot.

13. **The total amount requested is thus $57,535.08, and costs of court**.

Dated this 19th day of March 2007.

2



Elsie L. Simoncaux,
Credit Collection Manager,
Emerald Coast Finest Produce Co., Inc.

Subscribed and sworn to before me this 19th day of MARCH, 2007.

NOTARY PUBLIC
My Commission Expires: _____

CATHERINE V. RICKS
MY COMMISSION # DD 377171
EXPIRES: December 6, 2009

3

# EMERAL COAST FINEST PRODUCE CO.
## NEW ACCOUNT APPLICATION

DISTRICT # _____  SALES ROUTE # _____

CORPORATE NAME: Danny's Produce

DBA/TRADE NAME: _____

ADDRESS: PO Box 104

CITY, STATE, ZIP: Malvern, AL 36349  COUNTY: Geneva

NAME: _____
ADDRESS: _____
CITY, STATE, ZIP: _____
PHONE NO. (AREA CODE): _____

TYPE OF BUSINESS:
- CORPORATION ☐
- PROPRIETORSHIP ☐
- PARTNERSHIP ☐

OFFICER'S/PARTNERS NAMES & RESIDENCE ADDRESS: _____

SOCIAL SECURITY #: _____

LENGTH OF TIME IN THIS BUSINESS: 7 Years

NAME OTHER BUSINESSES OWNED: _____

PREVIOUS EMPLOYMENT IF LESS THAN 2 YEARS IN BUSINESS: _____

HAVE YOU PURCHASED FORM THOMPSON'S PREVIOUSLY?  Y ☒  N ☐   IF YES UNDER WHAT NAME? Danny's Produce

IS PROPERTY OWNED OR LEASED? Leased
NAME AND ADDRESS OF MORTGAGE HOLDER OR LESSOR: State of ALA

ANTICIPATED MONTHLY PURCHASES FROM ECFP: _____

BANKING REFERENCE
BANK NAME: _____  ACCOUNT #: _____
ADDRESS: _____  CITY, STATE, ZIP: _____
TELEPHONE #: _____  BANK OFFICER TO CONTACT: _____  TYPE OF ACCOUNT: _____

TRADE REFERENCES (PREFERABLY OTHER FOOD DISTRIBUTORS)
NAME: General Produce
ADDRESS: _____
CITY/STATE/ZIP: Elba, Ala
PHONE # ( ): _____
TERMS OF SALE: _____

NAME: _____
ADDRESS: _____
CITY/STATE/ZIP: _____
PHONE # ( ): _____
TERMS OF SALE: _____

NAME: _____
ADDRESS: _____
CITY/STATE/ZIP: _____
PHONE # ( ): _____
TERMS OF SALE: _____

NAME: _____
ADDRESS: _____
CITY/STATE/ZIP: _____
PHONE # ( ): _____
TERMS OF SALE: _____

WE HEREBY MAKE APPLICATION FOR CREDIT TO Emerald Coast Finest Produce Co. IF CREDIT IS GRANTED, WE AGREE TO PAY ALL BILLS WITHIN THE STATED TERMS OF SALE. FOR ANY CHECKS RETURNED FROM OUR BANK FOR ANY REASON, WE AGREE TO PAY, IN ADDITION TO THE AMOUNT OF THE CHECK, A RETURNED CHECK SERVICE CHARGE OF $25.00 IF THE FACE VALUE DOES NOT EXCEED $50; $30.00 IF THE FACE VALUE EXCEEDS $50 BUT DOES NOT EXCEED $300.00; $40.00 IF THE FACE VALUE EXCEEDS $300.00, OR 5 PERCENT OF THE FACE AMOUNT OF THE CHECK, WHICHEVER IS GREATER. ADDITIONALLY, WE UNDERSTAND THAT A SERVICE CHARGE MAY BE ASSESSED ON ANY UNPAID BALANCE IN AN AMOUNT UP TO THE MAXIMUM RATE ALLOWED BY LAW. SHOULD LEGAL ACTION BE TAKEN TO SECURE PAYMENT FOR MERCHANDISE RECEIVED, WE WILL BE LIABLE FOR ALL EXPENSES INCLUDING REASONABLE ATTORNEY'S FEES, INCURRED BY Emerald Coast Finest Produce Co. WE AGREE NOT TO TRANSFER OR ASSIGN THIS AGREEMENT WITHOUT THE PRIOR WRITTEN CONSENT OF Emerald Coast Finest Produce Co. WE AGREE TO GIVE WRITTEN NOTICE TO Emerald Coast Finest Produce Co. PRIOR TO THE SALE OR TRANSFER OF ALL OR SUBSTANTIALLY ALL OF THE STOCK OR ASSETS OF OUR BUSINESS. IF WE FAIL TO DO SO THEN WE SHALL REMAIN FULLY LIABLE FOR ANY UNPAID MERCHANDISE RECEIVED BY THE BUYER OR TRANSFEREE OF THE BUSINESS. IT IS EXPRESSLY AGREED THAT THIS CONTRACT WAS ENTERED INTO IN ESCAMBIA COUNTY, FLORIDA, AND THAT ANY LEGAL ACTIONS RELATED TO THIS CONTRACT SHALL BE BROUGHT ONLY IN THE STATE OR FEDERAL COURTS IN ESCAMBIA COUNTY, FLORIDA.
THIS INFORMATION IS GIVEN IN CONFIDENCE FOR THE SOLE PURPOSE OF ESTABLISHING CREDIT WITH Emerald Coast Finest Produce Co. AUTHORIZATION IS HEREBY GIVEN TO MAKE INQUIRY OF ALL TRADE AND FINANCIAL SOURCES WHICH ARE DEEMED TO BE NECESSARY OR DESIRABLE BY Emerald Coast Finest Produce Co. TO PROPERLY EVALUATE THIS APPLICATION.

BY: Danny's Produce                                       DATE: 5-12-06
CORPORATE OFFICER / PARTNER / OWNER

**EXHIBIT A**

**General**
Parent Co. / National Account Affiliation: _____
Corporate Owned: _____  Franchise: _____
Credit Payment Office: _____
Address: _____
City, State, Zip: _____
Phone: _____

## PERSONAL GUARANTY

For valuable consideration, the undersigned hereby personally guarantees, absolutely, unconditionally and irrevocably, the payment upon demand of all liabilities, indebtedness and obligations, whether now existing or hereafter of_____ (the "Debtor"), its successors and assigns, to **Emerald Coast Finest Produce Co. (ECFP)**, and its successors and assigns (the indebtedness).

This guaranty shall be enforceable by ECFP without prior resort to any demands, possessory remedies or proceedings for collection of any nature, against the Debtor or any other person or entity, or any property of the Debtor or any other person or entity. The liability of the undersigned shall not be affected by any extension, compromise, modification, release or discharge of any indebtedness, whether by operation of law or otherwise, or by any change in the form of indebtedness, or by any modification of the terms of sale made by the parties thereto, or by the release, substitution or addition of any other guarantor of the indebtedness. Notice of the acceptance of this Guaranty, notices of demand, production or delivery of material, protest, nonpayment, nonperformance and notice of the amount of the indebtedness outstanding at any time are expressly waived. Nothing in this Guaranty shall in any way diminish or alter the indebtedness, or affect the rights of ECFP against Debtor.

The undersigned also agrees that if any case is filed under the bankruptcy code by or against Debtor, the undersigned waives any claim he/she may have against Debtor as a result of any claim against the undersigned by ECFP under this guaranty.

ECFP shall be entitled to recover from the undersigned all costs incurred in connection with the enforcement of this Guaranty, including but not limited to reasonable attorneys' fees.

Wherever possible, each provision of the Guaranty shall be interpreted in such a manner as to be effective and valid under applicable law. If any provision hereof shall be prohibited by or be invalid under such law, such provision shall be ineffective to the extent of such prohibition of invalidity, without invalidating the remainder of such provision hereof.

It is expressly agreed that this Contract was entered into in Escambia County, Florida, and that any legal actions related to this contract shall be brought only in the State or Federal courts in Escambia County, Florida.

Guarantor(s) agree(s) to pay all costs incurred in this Guaranty, including a reasonable attorney's fee. Guarantor(s) agree(s) that a reasonable attorney's fee is 25% of the unpaid balance, including interest, if paid before suit is filed; 33% of the unpaid balance, including interest, if paid before suit is filed; 40% of the unpaid balance, including interest, if attorneys fees are court awarded.

In the event this Guaranty is signed by more than one person or entity, each of the undersigned shall be jointly and severally liable under this Guaranty.

In the event this Guaranty is signed by more than one person or entity, each of the undersigned shall be jointly and severally liable under this Guaranty.

Dated this _5-12-06_ day of _____, 20 _06_

Signature of Guarantor(s) _[signature]_
(Please do not reference Corporate or some other titles)

Print Name: _DANNY FREEMAN_

Signature of Co-owner, where applicable*_____

Witness: _____

*Co-owner is the primary co-owner of Guarantor's personal assets, if any.


5-16-06

Danny's Produce
706 E. Lawrency Hwy
Slocumb, AL 36375

```
                  Emerald Coast Finest Produce
                         Thursday -- 01/11/07
                              Statement

                       Customer Number: 2604

   Send To:                                  Remit To:

   DANNY'S PRODUCE                           Emerald Coast Finest Produce
   c/o DANNY'S PRODUCE ACCOUNTING            257 Amber Street
   P.O. BOX 104                              Pensacola, FL 32503
   MALVERN, AL  36349
                                             850-438-6993
                                             Terms: COD
    Location: 706 E. LAWRENCE HWY, SLOCUMB, AL 36375
    Phone No: 334-886-3440,
```

| Tkt. No. | DATE     | INVOICE  | AMOUNT  | POSTED  | INTEREST | BALANCE  | TTL. DUE |
|----------|----------|----------|---------|---------|----------|----------|----------|
| CURTIS   | 06/07/06 | 160614   | 844.55  |         | 79.75    | 377.98   | 377.98   |
|          | 12/14/06 |          |         | 546.32  |          |          |          |
| CURTIS   | 06/24/06 | *166557  | 2249.95 |         | 202.50   | 2452.45  | 2830.43  |
| CURTIS   | 06/29/06 | *168252  | 743.40  |         | 66.90    | 810.30   | 3640.73  |
| DONOVAN  | 07/05/06 | 169876   | 673.00  |         | 60.60    | 733.60   | 4374.33  |
| CURTIS   | 07/08/06 | *171163  | 2053.00 |         | 184.80   | 2237.80  | 6612.13  |
| CURTIS   | 07/15/06 | *173484  | 1230.25 |         | 92.25    | 1322.50  | 7934.63  |
| DONOVAN  | 07/22/06 | *176068  | 1043.90 |         | 78.30    | 1122.20  | 9056.83  |
| CURTIS   | 07/26/06 | *177328  | 684.70  |         | 51.35    | 736.05   | 9792.88  |
| DONOVAN  | 07/29/06 | *178375  | 1502.50 |         | 112.70   | 1615.20  | 11408.08 |
| CURTIS   | 08/03/06 | 180048   | 647.35  |         | 48.55    | 695.90   | 12103.98 |
| MP       | 08/04/06 | 180418   | 617.30  |         | 46.30    | 663.60   | 12767.58 |
| CURTIS   | 08/05/06 | 180826   | 2399.25 |         | 179.95   | 2579.20  | 15346.78 |
| MP       | 08/07/06 | *181275  | 4330.80 |         | 324.80   | 4655.60  | 20002.38 |
| DONOVAN  | 08/08/06 | 181593   | 3385.20 |         | 253.90   | 3639.10  | 23641.48 |
| CURTIS   | 08/09/06 | *182021  | 2385.72 |         | 178.95   | 2564.67  | 26206.15 |
| DONOVAN  | 08/10/06 | 182418   | 720.70  |         | 54.05    | 774.75   | 26980.90 |
| DONOVN   | 08/12/06 | 183108   | 4180.25 |         | 313.50   | 4493.75  | 31474.65 |
| DONOVAN  | 08/14/06 | *183501  | 4432.58 |         | 265.96   | 4698.54  | 36173.19 |
| CURTIS   | 08/15/06 | 183838   | 1742.93 |         | 104.56   | 1847.49  | 38020.68 |
| CURTIS   | 08/16/06 | 184231   | 1770.90 |         | 106.24   | 1877.14  | 39897.82 |
| DONOVAN  | 08/17/06 | 184578   | 1937.50 |         | 116.24   | 2053.74  | 41951.56 |

```
                   * corrected invoice                 Total Amount Due:   41951.56

          Thank you for your payment of   642.90  on 12/14/06
```

| AGED BALANCE DUE: | WEEK #1  | WEEK #2  | WEEK #3  | WEEK #4  | WEEK #5  | WEEK #6  | WEEK #7  | WEEK #8  | WEEKS 9+  |
|-------------------|----------|----------|----------|----------|----------|----------|----------|----------|-----------|
|                   | 01/05-11 | 12/29-04 | 12/22-28 | 12/15-21 | 12/08-14 | 12/01-07 | 11/24-30 | 11/17-23 | ? - 11/16 |
|                   | 0.00     | 0.00     | 0.00     | 0.00     | 0.00     | 0.00     | 0.00     | 0.00     | 41951.56  |

**EXHIBIT B**




# EMERALD COAST FINEST PRODUCE CO.

Phone 850-438-6993
Fax 850-438-4129
Toll Free 800-777-6993

257 Amber Street
Pensacola, FL 32503-2208

160614

**SOLD TO:**
DANNY'S PRODUCE
706 E. LAWRENCE HWY
SLOCUMB, AL 36375

**SHIPPED TO:**
334-886-3440

Page: 1

Ordered by Danny

| CUSTOMER REF. NO. | SALESMAN | TRUCK NO. | ORDER DATE | DELIVERY DATE | TERMS | INVOICE NO |
|---|---|---|---|---|---|---|
| 2604 | EC | 15- 1 | 06/07/06 | | Net 14 days | 160614 |

| LINE | ITEM NUMBER | QUANTITY ORDERED | QUANTITY DELIVERED | UOM | DESCRIPTION | BILLING UNITS | UNIT PRICE(S) | EXTENSION AMOUNT(S) |
|---|---|---|---|---|---|---|---|---|
| 1 | 13730 | | 3 | CS | BANANA CHIQUITA GREEN #3 COLOR | | 15.55 | 46.65 |
| 2 | 1090 | | 2 | CS | CABBAGE GREEN CARTON | | 10.30 | 20.60 |
| 3 | 13790 | | 3 | CS | CANTALOUPE 12/15 CT | | 15.85 | 47.55 |
| 4 | 1250 | | 2 | CS | COLLARD GREENS FRESH DOZEN | | 18.15 | 36.30 |
| 5 | 13870 | | 3 | CS | HONEYDEW 6/8 CT | | 12.20 | 36.60 |
| 6 | 12900 | | 3 | CS | LETTUCE GRN LF CROWNS | | 18.60 | 55.80 |
| 7 | 12860 | | 7 | CS | LETTUCE CELLO 24 CT | | 17.40 | 121.80 |
| 8 | 11100 | | 8 | CS | ONION RED MEDIUM 25# BAG | | 8.75 | 70.00 |
| 9 | 9530 | | 8 | CS | ONION YELLOW JBO 50# | | 9.75 | 78.00 |
| 10 | 14160 | | 2 | CS | PEACHES | | 17.50 | 35.00 |
| 11 | 1510 | | 3 | CS | PEPPER GRN CHOICE | | 12.50 | 37.50 |
| 12 | 7960 | | 2 | CS | POTATO 80 CT | | 15.25 | 30.50 |
| 13 | 22150 | | 2 | CS | LETTUCE SALAD ROMAINE BLEND 4/ | | 15.45 | 30.90 |
| 14 | 6030 | | 2 | CS | COLESLAW REGULAR 4/5# | | 12.20 | 24.40 |
| 15 | 22170 | | 6 | CS | LETTUCE SHRED 4/5# | | 13.10 | 78.60 |
| 16 | 1610 | | 2 | CS | RADISHES 30/6oz. 11# | | 13.15 | 26.30 |
| 17 | 14260 | | 3 | CS | STRAWBERRY 12/1 PINT CS | | 13.35 | 40.05 |
| 18 | 1380 | | 2 | CS | TOMATO GRAPE 12/1 PT FLAT | | 14.00 | 28.00 |

**EXHIBIT C**

NUMBER OF PCS. 63

No credit will be issued after 36 hours upon receipt of produce

CUSTOMER'S SIGNATURE
All merchandise received and in satisfactory condition. Signature on this invoice shall be deemed acceptance of all terms and conditions contained on both sides of this invoice.

please check your invoice and merchandise. cannot be responsible for damages or ges unless noted on this invoice.

INVOICE TOTAL ($)  844.55
TAX  0.00
  844.55

Perishable commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C.
)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any recei-
or proceeds form the sale of these commodities until full payment is received. Signature on this invoice indicates

All accounts are due and payable within stated terms. Customers not settling within stated terms agree to pay all collection costs including reasonable attorney's fees. Customer agrees that a reasonable attorney's fee is 25% of the unpaid balance, including interest, if paid before suit is filed; 33% of the unpaid balance, including interest, if paid after suit is filed; 40% of the unpaid balance, including interest, if paid after appeal and interest at eighteen percent (18%) per annum. Customer's obligation cannot be assigned or transferred without the prior written consent of the supplier. It is expressly agreed that this Contract was entered into in Escambia County, Florida and that any legal actions related to this contract shall be brought only in the State or Federal courts in Escambia County, Florida.

**EXHIBIT D**

UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EMERALD COAST FINEST ) | |
| PRODUCE COMPANY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO: 1:07cv133-MHT |
| ) | |
| DANNY FREEMAN dba DANNY'S PRODUCE, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM IN SUPPORT OF DEFAULT APPLICATION**

Plaintiff Emerald Coast Finest Produce Company, Inc. ("Emerald"), submits the following Memorandum of Law in support of its application for default against Defendant Danny Freeman dba Danny's Produce, as follows:

**Claims pursuant to PACA**

The Perishable Agriculture Commodities Act of 1930, 7 U.S.C. §§ 499a, et seq. ("PACA"), was enacted in 1930 to regulate the sale of perishable commodities and to protect small farmers and growers from "financially irresponsible and unscrupulous brokers in perishable commodities." In re Lombardo Fruit and Produce Co., 12 F.3d 110, 112 (8th Cir.1993). Because sellers of fresh produce were unsecured creditors and had no protection from produce buyers' practice of granting lending institutions security interests in their accounts receivable, Congress amended PACA in 1984 to require commission merchants, dealers, and brokers to hold any receivables or proceeds from the sale of perishable agricultural commodities in trust for the benefit of unpaid suppliers, sellers, or agents of such commodities until full payment is made to the seller. Id.; 7 U.S.C. § 499e(c)(1) and (2). A commission merchant, dealer, or broker violates PACA if it fails to maintain a trust as required by § 499e(c). 7 U.S.C. § 499b(4).

To recover the proceeds from a PACA-created trust, a plaintiff must demonstrate five factors: (1) the commodities sold were perishable agricultural commodities; (2) the purchaser of

1

the perishable agricultural commodities was a commission merchant, dealer or broker; (3) the transaction occurred in interstate or foreign commerce; (4) the seller has not received full payment on the transaction; and (5) the seller preserved its trust rights by giving written notice to the purchaser within the time provided by the law.[1]  7 U.S.C. § 499e; see A & J Produce Corp. v. Chang, 385 F. Supp.2d 354, 358 (S.D.N.Y. 2005).

Restaurants that buy agricultural commodities in prescribed quantities as part of its business are "dealers" under PACA, even if the commodities are used only in the commercial preparation of meals instead of being resold in unprocessed form.  See, e. g., Royal Foods Co., Inc. v. RJR Holdings, Inc., 252 F.3d 1102, 1107 (9th Cir. 2001); In re Old Fashioned Enters., 236 F.3d 422, 425 (8th Cir. 2001); In re Magic Rests., Inc., 205 F.3d 108, 114-115 (3rd Cir. 2000). The quantity that must be met is the aggregate of all types of produce totaling one ton (2,000 pounds) or more in weight in any way shipped or received in any one given day.  JC Produce, Inc. v. Parogon Steakhouse Restaurants, Inc., 70 F.supp. 1119, 1121 FN.2. (E.D. Cal. 1999).

Herein, Emerald is a PACA licensed corporation engaged in the buying and selling of wholesale quantities of perishable agricultural commodities in interstate commerce.  Emerald sold to Danny's Produce, in interstate commerce, wholesale quantities of produce, delivering the perishable products to Danny's Produce.  The Account Statement and invoices attached to the affidavit evidence the sales and the amounts thereof and the invoices each contained the language required to preserve the PACA trust (See Exhibits A and B).  Therefore, Emerald has established that its sales to Danny's Produce are subject to PACA.

---

[1] 7 U.S.C. § 499e(c)(4) provides that "a licensee may use ordinary and usual billing or invoice statements to provide notice of the licensee's intent to preserve a trust." The statute subsection further states the language which must be included on the billing or invoice statements of a seller who intends to provide notice of his intent to preserve trust benefits under PACA.

### Personal Liability of Danny Freeman under PACA

PACA creates a "single, undifferentiated trust for the benefit of all sellers and suppliers." In re Kornblum & Co., Inc., 81 F.3d 280, 286 (2d Cir. 1996) (relying on 7 C.F.R. § 46.46). Under this view, the PACA trust arises for the benefit of all sellers at the time that a PACA debt is first incurred, "and continues in existence until all of the outstanding beneficiaries have been paid in full." Id.

Because it is the shareholders, officers and directors of a corporation who are in the position to control the trust assets and pay debts therefrom, the courts unanimously hold such individuals personally liable for the unpaid debt of produce. See Sunkist Growers, Inc. v. Fisher, 104 F.3d 280, 283 (9th Cir.1997); Golman-Hayden Co., Inc. v. Fresh Source Produce Inc., 217 F.3d 348, 351 (C.A.5 2000) (holding corporate officers personally liable under PACA is "consistent with the intent of Congress in establishing the statutory trust provisions of PACA."); Red's Market v. Cape Canaveral Cruise Line, Inc., 181 F. Supp.2d 1339, 1344 (M.D. Fla. 2002). It is no defense for a shareholder to claim he or she was merely a "passive shareholder," Golman-Hayden, 217 F.3d at 351, or argue that there was no fraud committed, Red's Market, 181 F. Supp.2d at 1344, or that they used the proceeds to pay other legitimate business expenditures such as rent, utilities or payroll. Morris Okun, Inc. v. Harry Zimmerman, Inc., 814 F. Supp. 346, 348 (S.D.N.Y. 1993).

Thus, Defendant Danny Freeman, as the owner of the sole proprietorship of Danny's Produce, is personally liable for failing to pay Emerald for the produce purchases made by his restaurant business. The Account Statement and invoices evidence that the amount for which he is personally liable is the principal amount of $39,575.73.

### Interest and Attorney's Fees

PACA does not itself establish a right to interest and collection costs. However, if the parties' contract so provides, then interest and collection costs become subject to the PACA trust together

with the principal debt. Country Best v. Christopher Ranch LLC, 361 F.3d 629, 632-33 (11th Cir. 2004); Middle Mountain Land & Produce Inc. v. Sound Commodities Inc. 307 F.3d 1220, 1222-26 (9th Cir. 2002); E. Armata, Inc. v. Platinum Funding Corp., 887 F.Supp. 590, 594-95 (S.D.N.Y. 1995); Morris Okun, 814 F.Supp. at 351. Interest and attorney's fees, when contracted for, are included in "sums owing in connection with such [PACA] transactions." In re Fleming Companies, Inc., 316 B.R. 809 (D.Del. 2004).; See § 7 U.S.C.A. § 499e. Thus, the pivotal question is whether the parties' contract provides for an award of interest and collection costs.

Herein, on the reverse side of each signed invoice were terms permitting interest on past-due amounts at the rate of 18% per annum. See Exhibit C. Pursuant to the Affidavit of Elsie Simoneaux, the accrued interest as of March 15, 2007, is $3,684.35.

As to attorney's fees, the terms of the invoices permit the award of "reasonable attorney's fees" (See Exhibit C, attached to the Affidavit of Elsie Simoneaux), which are expressly stated to be "33% of the unpaid balance, including interest, if paid after suit is filed." 33% of the principal amount and accrued interest is $14,275.00.

WHEREFORE, Emerald Coast Finest Produce Co., Inc., respectfully requests this Court to enter a default judgment against Defendant Danny Freeman in the total amount of $57,535.08, and costs of court.

Dated: March 27, 2007.

Respectfully Submitted,

/s/ Gilbert L. Fontenot
GILBERT L. FONTENOT

OF COUNSEL:
MAPLES & FONTENOT, LLP
P.O. Box 1281
Mobile, AL  36633
(251) 432-2629

UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EMERALD COAST FINEST PRODUCE COMPANY, INC., ) ) ) Plaintiff, ) ) vs. ) ) DANNY FREEMAN dba DANNY'S PRODUCE, ) ) Defendant. ) | CASE NO: 1:07cv133-MHT |

## DEFAULT JUDGMENT

WHEREAS upon Motion for Default Judgment by the Plaintiff, Emerald Coast Finest Produce Co., Inc., against Defendant, Danny Freeman dba Danny's Produce, for failure of the Defendant to answer or otherwise defend against the Plaintiff's complaint, upon review of Plaintiff's Motion for Default, and the Affidavits attached thereto, this Court enters default judgment against Defendant, Danny Freeman, in favor of the Plaintiff, Emerald Coast Finest Produce Co., Inc., in the principal amount of Thirty-Nine Thousand Five Hundred Seventy-Five and 73/100 ($39,575.73) Dollars, accrued interest on said judgment as of March 15, 2007, in the amount of $3,684.35, and an attorney's fee of $14,275.00.  The total judgment awarded is $57,535.08.

Court costs taxed to the Defendant, Danny Freeman,  all for which let execution issue, it is so ORDERED, ADJUDGED and DECREED, this the ___ day of March, 2007.

_____
U. S. DISTRICT COURT JUDGE